OPINION — AG — (1) WHEN THE ABOVE INSTITUTIONS (STATE TRAINING SCHOOL FOR NEGRO BOYS AND STATE TRAINING SCHOOL FOR WHITE BOYS) WERE FIRST CREATED, THE LAWS RELATING THERETO RESPECTIVELY STATED, IN SUBSTANCE, THAT SAME WERE CREATED OR ESTABLISHED AS SCHOOLS FOR WHITE GIRLS, NEGRO BOYS, WHITE CHILDREN AND NEGRO GIRLS, BUT DID NOT CONTAIN PROVISIONS EXPRESSLY PROHIBITING A WHITE BOY FROM BEING RECEIVED AT A SCHOOL CREATED OR ESTABLISHED FOR NEGRO BOYS, OR VICE VERSA, OR PROHIBITING A WHITE GIRL FROM BEING RECEIVED AT A SCHOOL CREATED OR ESTABLISHED FOR NEGRO GIRLS, OR VICE VERSA. (2) THE NAMES OF THE SCHOOLS APPARENTLY REFERRED TO BY YOU ARE SET FORTH IN 10 O.S. 1961 451 [10-451] AS THE "STATE TRAINING SCHOOL FOR NEGRO BOYS AND THE WEST OKLAHOMA STATE HOME FOR WHITE CHILDREN", SAID SECTION BEING THE LAST LEGISLATIVE ENACTMENT GIVING THE NAMES TO SAID SCHOOLS. (3) YOU ARE ADVISED THAT THE ONLY CONSTITUTIONAL OR STATUTORY PROVISIONS OF THIS STATE PROHIBITING "RACIALLY MIXED STAFFS "IN THE SCHOOLS OR COLLEGES OF OKLAHOMA ARE IN 70 O.S. 1961 5.4 [70-5.4] AND 70 O.S. 1961 455-457 [70-455 — 70-457] SAID LATTER SECTIONS BEING SET FORTH IN ITALICS IN SAID STATUTES UNDER A SUBHEAD INDICATING THE SAME ARE NO LONGER IN FORCE OR EFFECT. (4) THE PRINCIPLES OF LAW ANNOUNCED BY THE SUPREME COURT OF THE UNITED STATES IN THE BROWN CASE, SUPRA, SAID STATUTORY PROVISIONS, IF SUSCEPTIBLE OF BEING APPLIED TO TEACHERS IN THE SCHOOLS REFERRED TO IN YOUR THIRD QUESTION, ARE INVALID. CITE: 10 O.S. 1961 211 [10-211] (FRED HANSEN)